976 So.2d 802 (2008)
STATE of Louisiana, Appellee
v.
Trill Shamichael McKINNEY, Appellant.
Nos. 43,060-KA, 43,061-KA.
Court of Appeal of Louisiana, Second Circuit.
February 13, 2008.
*803 Edward K. Bauman, Lake Charles, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Edward C. Jacobs, Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and MOORE, JJ.
WILLIAMS, J.
The defendant, Trill McKinney, was charged with first degree murder and possession of a firearm by a convicted felon. Pursuant to a plea bargain, the defendant pled guilty to amended charges of attempted second degree murder and felony theft; the state also agreed not to charge him as a multiple offender. For the attempted second degree murder conviction, the district court sentenced the defendant to serve 50 years at hard labor without benefit of parole, probation or suspension of sentence. For the felony theft conviction, the court sentenced the defendant to serve 10 years at hard labor, the sentence to run *804 concurrently with the 50-year sentence. Defendant now appeals, asserting that his sentences are excessive. For the following reasons, we affirm.

FACTS
In December 2005, the defendant broke into the home of Betty Jean Sweet in Plain Dealing, Louisiana, with the intent to commit a theft. In the course of these actions, he stole her cell phone and shot her with a shotgun; she died as a result of her wounds. As noted above, defendant originally was charged with first degree murder and possession of a firearm by a convicted felon, but pled guilty to the reduced charges of attempted second degree murder and felony theft. He was sentenced to serve 50 years at hard labor without benefits and 10 years at hard labor, respectively, the sentences to run concurrently; the state also agreed not to charge him as a multiple offender.
At the sentencing hearing, the district court discussed the presentence investigation ("PSI") report in detail with the defendant, including the facts of the crime. The court noted that the report indicated the defendant told detectives that he went to Sweet's home to rob her, that she panicked, and that he shot her with a shotgun. The court also noted that the report reflected the defendant had apologized to the family and that the defendant had written a letter to the court in which he also apologized to the community. The court went over the PSI information concerning the defendant's criminal history which showed that the defendant, who was 32 years old, was a second felony offender. The court then adverted to the provisions of Article 894.1 of the Louisiana Code of Criminal Procedure and noted that the defendant was on probation at the time of the offense, that he was not eligible for a suspended sentence, and that he was in need of correctional treatment that could most effectively be provided by commitment to an institution.
The district court concluded that a sentence less than the maximum of 50 years for the attempted second degree murder conviction would deprecate the seriousness of the offense, observing that the case could have been a death penalty case. The court also noted that the victim was particularly vulnerable, a theft occurred during the commission of the crime, a firearm was used and a death resulted.

DISCUSSION
By his sole assignment of error, the defendant contends his sentences are constitutionally excessive. In particular, he argues that the court failed to give adequate consideration to the fact that he had only an eighth-grade education; that his prior record includes convictions for carrying a prohibited weapon and disorderly conduct in 1997, a conviction for simple burglary of an inhabited dwelling in 1998, and another simple burglary of an inhabited dwelling in 1998; that the defendant stated he went to rob the victim's home, she panicked, and he shot her; and that he expressed remorse and apologized to the family of the victim. Defendant asserts he is not the most egregious of offenders. He admits that he "committed a horrible crime," but he asserts that he is in need of rehabilitation that can best be served in a non-custodial environment.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. *805 Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of LSA-C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La. App. 2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La. App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Woods, 41,420 (La.App. 2d Cir.11/1/06), 942 So.2d 658; State v. Brisco, 33,179 (La.App. 2d Cir.4/5/00), 756 So.2d 644, writ denied, XXXX-XXXX (La.5/25/01), 792 So.2d 749; State v. Grissom, 29,718 (La.App. 2d Cir.8/20/97), 700 So.2d 541. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
In the present case, the record shows that the trial court took cognizance of the criteria set forth in LSA-C. Cr. P. art. 894.1, and the record clearly shows an adequate factual basis for the sentence imposed. Furthermore, the imposition of the maximum sentences is in no way disproportionate to the severity of the offenses, nor shocks the sense of justice considering the great benefit this defendant received from his plea bargain. Not only did this second felony offender, who committed the crimes while on probation, get the benefit of concurrent sentences and no multiple offender bill, but more importantly, his sentencing exposure was *806 reduced from a possible death sentence if he had been convicted of first degree murder as originally charged. Thus, the claim of constitutional excessiveness is meritless.

CONCLUSION
For the reasons set forth above, the defendant's convictions and sentences are affirmed.
AFFIRMED.