GASKINS, J.
 

 liThe defendant, Travis J. Deen, appeals as excessive his sentence to 10 years at hard labor following his plea of guilty to aggravated battery. For the following reasons, we affirm the conviction and sentence.
 

 FACTS
 

 On the evening of May 20, 2006, the defendant, his wife, Collen Deen, and his sister, Kara Anderson, were staying in the same room at a hotel in Monroe, Louisiana following a family wedding. The defendant and his wife were from Tennessee. The trio stayed up late drinking. At some point in the early morning hours of May 21, 2006, an argument ensued between Ms. Deen and Ms. Anderson. When the defendant attempted to intervene, Ms. Anderson pushed him into a concrete urn. The defendant picked up a brick and struck his sister in the head, causing her to lose consciousness. The defendant and his wife moved Ms. Anderson to a bed in the hotel room. Ms. Anderson regained consciousness and began to struggle with the defendant. He then struck her several more times in the head with the brick, causing life-threatening injuries.
 

 In an attempt to conceal his conduct, the defendant and his wife proceeded to stage the victim and the room to look as though Ms. Anderson had been sexually assaulted and robbed by an unknown assailant. They removed Ms. Anderson’s pants and disposed of her purse and the brick. The defendant and his wife then went to the hotel hot tub in an attempt to establish an alibi. They returned to the room a short time later and called the police.
 

 | ¿Die defendant and his wife gave statements to the police indicating that they discovered the victim, beaten and unconscious, when they returned to the room from the hot tub. Not being suspects at that time, the defendant and his wife were allowed to go back to Tennessee. They returned to Monroe approximately one week later to see the victim. Because their initial statements were inconsistent with the physical evidence, they were again questioned by the police. Eventually, the defendant confessed to the offense.
 

 
 *1170
 
 The defendant and his wife were arrested. The defendant was charged with one count of attempted second degree murder, one count of obstruction of justice, and one count of conspiracy to obstruct justice. On August 6, 2007, pursuant to a plea agreement, the defendant was allowed to plead guilty to the reduced charge of aggravated battery. The remaining charges were dismissed. A presentence investigation (PSI) report was ordered.
 

 On October 15, 2007, the defendant appeared before the court for sentencing. The victim spoke and asked for leniency for her brother. Family members submitted letters to the trial court also urging the court to use leniency in sentencing. The defendant was sentenced to serve 10 years at hard labor, with credit for time served. The trial court recommended that the defendant receive anger management and substance abuse treatment while incarcerated. The defendant filed a motion to reconsider his sentence, claiming that the sentence imposed was excessive and that the trial court erred in its application of the sentencing factors in this matter. The | .^defendant argued that the trial court inappropriately applied what it considered to be aggravating factors and failed to consider the mitigating circumstances in this case.
 

 The trial court denied the motion to reconsider the sentence, finding that the defendant’s act manifested deliberate cruelty to the victim, not primarily by the bludgeoning of the victim, but by trying to “cover his tracks,” delaying medical intervention for the victim. The trial court considered all the mitigating circumstances listed under the guidelines of La. C. Cr. P. art. 894.1. The trial court did not find that the defendant’s confession was a mitigating factor because it was made only after the defendant was “painted into a corner.” The defendant then sought to have the confession ruled inadmissible. The court also considered the benefit gained through the plea agreement. The defendant appealed, arguing that his sentence is excessive.
 

 LEGAL PRINCIPLES
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the |4likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982). There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Hampton,
 
 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834 (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punish
 
 *1171
 
 ment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166.
 

 As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses.
 
 State v. Cozzetto,
 
 2007-2031 (La.2/15/08), 974 So.2d 665;
 
 State v. McKinney,
 
 43,061 (La.App. 2d Cir.2/13/08), 976 So.2d 802. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure |sto confinement has been obtained through a plea bargain and the offense involves violence upon a victim.
 
 State v. Black,
 
 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430.
 

 A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing.
 
 State v. Cook,
 
 95-2784 (La.5/31/96), 674 So.2d 957,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7;
 
 State v. Hardy,
 
 39,233 (La.App. 2d Cir.1/26/05), 892 So.2d 710.
 

 DISCUSSION
 

 On appeal, the defendant argues that the sentence imposed is unconstitutionally harsh and excessive under the circumstances in this case. The defendant contends that the trial court gave undue consideration to aggravating factors in this case. He urges that there is no evidence in the record that the victim’s injuries were significant and permanent. He claims that he only left the victim for about ten minutes before he sought medical treatment. In response to the trial court’s reliance on the defendant’s efforts to conceal his commission of the crime, the defendant notes that, even though he initially tried to conceal the offense, he confessed about one week | slater. He also asserts that he was not “painted into a corner” when making his confession.
 

 The defendant argues that the trial court failed to give adequate consideration to the mitigating factors in this matter. He claims that maximum sentences are reserved for the worst offenders and the worst offenses; he asserts that those factors do not apply in this matter. The defendant cites the fact that he has no prior criminal record, that he had served in the military, and that he had a stable work history.
 

 The defendant argues that there is no showing that anger management and substance abuse treatment are available in prison. He also notes that the trial court disregarded the wishes of the victim for leniency. The defendant further argues that the trial court failed to consider that the defendant acted under strong provocation and that the victim induced the commission of the crime. The defendant’s arguments are not supported by the record.
 

 The trial court fully expressed the reasons considered in imposing sentence. As aggravating factors, the trial court found that the crime manifested deliberate cruelty to the victim because the defendant did not immediately seek medical help for the victim. Instead, he tried to cover up the crime.
 

 As a second aggravating factor, the trial court found that the offense caused signifi
 
 *1172
 
 cant personal injury to the victim and her family. The court noted that the victim’s injuries required lengthy hospitalization, major surgeries, rehabilitation, long term medical consequences including seizures 17and physical and emotional scars that she will carry with her forever as constant reminders of this crime.
 

 Finally, the trial court considered that the defendant tried to cover up the offense by altering the crime scene and thus committing another crime in the hopes of deflecting suspicion. The court noted that, had the defendant been successful in his efforts to avoid responsibility for this offense, an innocent person could potentially have been wrongly accused of the crime.
 

 As mitigating factors, the court found that the defendant had no criminal record and that the crime arose under circumstances unlikely to recur, particularly with extensive anger management treatment and substance abuse treatment. The court also noted the benefit of the defendant’s plea bargain agreement whereby his sentencing exposure was reduced to only 10 years. The court considered the comments made by the victim in her plea of leniency for the defendant. The court observed the hardship the sentence would cause for the defendant’s young son.
 

 The court found that this was a brutal and unjustified crime of violence. It stated that the defendant was in need of correctional treatment best provided by commitment to a penal institution. The court noted that any feelings of remorse the defendant may have had for this brutal offense were initially overridden by his desire for self-preservation. The court found that any lesser sentence than that actually imposed would deprecate the seriousness of the offense. The court recommended that the defendant be provided with anger management and substance abuse treatment while incarcerated.
 

 |sThe record shows that the trial court adequately considered the factors set forth in La. C. Cr. P. art. 894.1 in tailoring this sentence to the defendant. The trial court correctly noted the aggravating factors in this matter, as well as the great benefit the defendant received in the plea agreement whereby he reduced his sentencing exposure from a maximum of 50 years at hard labor*, without benefit of parole, probation, or suspension of sentence, to a maximum of 10 years at hard labor. The trial court did not abuse its discretion in imposing the maximum sentence in this case for a crime which does not adequately describe the defendant’s conduct. The sentence of 10 years at hard labor is not grossly out of proportion to the seriousness of the offense, does not shock the sense of justice, and is not a purposeless and needless imposition of pain and suffering.
 

 The defendant’s argument that the state did not give proper weight to the mitigating factors is equally without merit. While the lack of a prior criminal history, the unlikelihood that the conduct will recur and the pleas for leniency were identified by the trial court as mitigating factors, it was not obligated to give them any particular weight.
 
 State v. Shumaker,
 
 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351. The trial court did not err in concluding that the defendant’s conduct warranted a maximum sentence.
 

 CONCLUSION
 

 For the reasons stated above, the conviction and sentence of the defendant, Travis J. Deen, are affirmed.
 

 AFFIRMED.