STATE OF LOUISIANA, Appellee
v.
TODD GRIFFIN STUTTS, Appellant.
No. 45,039-KA.
Court of Appeals of Louisiana, Second Circuit.
January 27, 2010.
Not Designated for Publication.
G. PAUL MARX, Louisiana Appellate Project, Counsel for Appellant.
JERRY L. JONES, District Attorney, R. NICOLAS ANDERSON, Assistant District Attorney, Counsel for Appellee.
Before BROWN, STEWART and CARAWAY, JJ.
CARAWAY, J.
Todd Stutts pled guilty as charged to second degree battery, a violation of La. R.S. 14:43.1, and received the maximum sentence of five years' imprisonment at hard labor. Stutts appeals his sentence as excessive. We affirm.
The record shows that on December 27, 2007, Stutts became involved in a physical altercation with his ex-girlfriend during which he bit off a large "chunk" of the victim's ear causing permanent disfigurement. The victim also received a cut above her eye and three broken ribs. As a result of a plea bargain agreement, Stutts pled guilty as charged to second degree battery and the state dismissed a simple criminal damage to property charge arising from the incident.
The victim made statements to the court at both the guilty plea and sentencing proceedings. Before sentencing Stutts, the trial court noted its consideration of the pre-sentence investigation report. The court also discussed the facts of the case at length and noted the grievous nature of the victim's injury and the continuous struggle between Stutts and the victim during this crime of violence. Stutts' prior criminal record, which included one felony conviction,[1] and his history of alcohol abuse, which caused the loss of his job, were noted. The court acknowledged its belief that there was a strong possibility that violence would recur.
Stutts was sentenced to five years of imprisonment at hard labor  the maximum term of imprisonment. No optional fine was imposed. The defendant's timely filed motion to reconsider sentence was denied without a hearing. This appeal followed.
The defense assigns as error that Stutts' maximum sentence is constitutionally excessive because of Stutts' good employment record and lack of serious criminal history. Stutts also argues that the offense was provoked by the victim and that the trial court erred in considering any evidence of disfigurement because the state never alleged "anything other than `striking' the victim" in the bill of information.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So. 2d 688 (La. 1983); State v. Lathan, 41,855 (La. App. 2d Cir. 2/28/07), 953 So. 2d 890, writ denied, 07-0805 (La. 3/28/08), 978 So. 2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So. 2d 475 (La. 1982); State v. Swayzer, 43,350 (La. App. 2d Cir. 8/13/08), 989 So. 2d 267, writ denied, 08-2697 (La. 9/18/09), 17 So. 3d 388. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So. 2d 1049 (La. 1981); State v. Ates, 43,327 (La. App. 2d Cir. 8/13/08), 989 So. 2d 259, writ denied, 08-2341 (La. 5/15/09), 8 So. 3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App. 2d Cir. 12/13/06), 945 So. 2d 277, writ denied, 07-0144 (La. 9/28/07), 964 So. 2d 351.
Second, a sentence violates La. Const. art. 1, §20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La. 1/14/03), 839 So. 2d 1; State v. Dorthey, 623 So. 2d 1276 (La. 1993); State v. Bonanno, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La. 1/15/02), 805 So. 2d 166; State v. Lobato, 603 So. 2d 739 (La. 1992); State v. Robinson, 40,983 (La. App. 2d Cir. 1/24/07), 948 So. 2d 379.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 (La. 2/15/08), 974 So. 2d 665; State v. McKinney, 43,061 (La. App. 2d Cir. 2/13/08), 976 So. 2d 802. Nevertheless, the trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by the trial judge should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La. 12/13/04), 893 So. 2d 7; State v. Thompson, 02-0333 (La. 4/9/03), 842 So. 2d 330; State v. Hardy, 39,233 (La. App. 2d Cir. 1/26/05), 892 So. 2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La. 5/31/96), 674 So. 2d 957, cert. denied, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
We find adequate 894.1 compliance on the record before us. The defendant's prior arrest and conviction record shows that he is not a first offender. Moreover, it is clear from the record that Stutts' maximum sentence was tailored to fit the defendant and offense, as evidenced by the court's specific consideration of Stutts' apparent alcohol problem as well as the permanent disfigurement to the victim. Thus, the imposed sentence is not constitutionally excessive. In an admitted drunken rage, Stutts pummeled the victim breaking her ribs and causing extreme physical pain and bit off a portion of her ear leaving permanent disfigurement.[2] Such egregious actions are adequate to qualify Stutts as the worst offender for which the maximum sentence is appropriate. The imposed sentence is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. This assignment of error is without merit.
For the foregoing reasons, Stutts' conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The record shows that in 1997 Stutts received a one-year sentence in Mississippi for the crime of destroying public property. Because La. R.S. 14:56 places this term of imprisonment within Louisiana's felony grade simple criminal damage to property, we consider Stutts' previous conviction as a felony.
[2] Stutts' argument that the trial court erroneously considered the element of permanent disfigurement is also without merit. The bill of information charged Stutts with "repeatedly striking and inflicting serious bodily injury" upon the victim. La. R.S. 14:34.1 defines serious bodily harm as meaning bodily injury which includes "obvious disfigurement."