STATE OF LOUISIANA, Appellee,
v.
JEREMY MICHAEL LITTLE a/k/a LIL "J" Appellant.
No. 45,062-KA
Court of Appeals of Louisiana, Second Circuit.
March 3, 2010.
Not Designated for Publication.
JAMES E. BEAL, Louisiana Appellate Project, Counsel for Appellant.
JERRY L. JONES, District Attorney, CYNTHIA P. LAVESPERE, DAVID O'BRIAN HARKINS, JR. Assistant District Attorney, Counsel for Appellee.
Before STEWART, CARAWAY and MOORE, JJ.
CARAWAY, J.
Defendant pled guilty as charged to three counts of sexual battery, a violation of La. R.S. 43.1(A)(1), and was sentenced to a term of eight years at hard labor, without benefit of probation, parole or suspension of sentence, on each count to be served consecutively. Defendant now appeals his sentence as excessive. We affirm.

Facts
The record shows that on three different occasions Little, who was 26 years old at the time, masturbated three young boys. All three victims gave recorded statements implicating the defendant. These statements indicate that the boys came into contact with Little by virtue of his position as the assistant youth minister at the Sterlington Assembly of God Church. The victims' statements were independently corroborated by Little's own videotaped statement to police, taken after a reading and waiver of his rights. These statements reveal that on three separate occasions, defendant took advantage of young boys, ages 16 and 17, while they were either sleeping or otherwise incapacitated.
Defendant was formally charged by bill of information on January 30, 2009, with three counts of sexual battery. On March 3, 2009, pursuant to a plea agreement, defendant pled guilty as charged to all three counts. As part of the agreement, the state agreed not to file habitual offender proceedings and further agreed to dismiss an unrelated charge of issuing a worthless check. On May 28, 2009, the trial court sentenced defendant to 8 years at hard labor without benefit of parole, probation or suspension of sentence on each count to be served consecutively with credit for time served. The trial judge additionally revoked defendant's probation for possession of oxycodone and ordered him to serve the balance of his originally imposed sentence for that offense. Defendant was thus required to serve a total of 27 years, 3 years attributable to the probation revocation and 24 years for the three counts of sexual battery. A timely motion to reconsider sentence was filed on June 2, 2009. The motion was denied ex parte on July 14, 2009. Defendant now appeals.

Discussion
Defendant assigns as the only error that his sentence is constitutionally excessive. Counsel for defendant argues that the trial court gave inappropriate consideration to sociological concerns surrounding sex offenders in general, without particularizing the sentence to this individual defendant. Additionally, defendant asserts that the district attorney improperly weighed in on sentencing, in derogation of a prior stipulation that the state would make no recommendation as to sentence.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La. App. 2d Cir. 2/28/07), 953 So.2d 890, writ denied, 07-0805 (La. 3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982); State v. Swayzer, 43,350 (La. App. 2d Cir. 8/13/08), 989 So.2d 267, writ denied, 08-2697 (La. 9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Ates, 43,327 (La. App. 2d Cir. 8/13/08), 989 So.2d 259, writ denied, 08-2341 (La. 5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App. 2d Cir. 12/13/06), 945 So.2d 277, writ denied, 07-0144 (La. 9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. art. 1, §20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La. App. 2d Cir. 1/24/07), 948 So.2d 379.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 (La. 2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La. App. 2d Cir. 2/13/08), 976 So.2d 802. Nevertheless, the trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by the trial judge should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La. 12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La. 4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La. App. 2d Cir. 1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La. 5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
We find adequate 894.1 compliance on the record before us. The defendant's prior arrest and conviction record shows that he is not a first time offender. At the time of his arrest, defendant was on probation for possession of oxycodone. Moreover, it is clear from the record that Little's near maximum sentence was tailored to fit the defendant and offense, as evidenced by the court's specific consideration of the facts of this case. Although the court admittedly spent time discussing the tendencies of sex offenders in general and their propensity to re-offend, the court adequately particularized the sentence to this defendant. Under State v. Ray, 423 So.2d 1116 (La. 1982), it is not improper for a trial judge to take into account larger sociological concerns in imposing a sentence, as long as the sentence is particularized to the defendant.
The trial court ordered and reviewed a presentence investigation report and also reviewed a psychological evaluation provided by the defense. Although the court considered the "fragile" psychological state of the defendant to be a mitigating factor, it ultimately believed the aggravating factors necessitated a longer sentence. The court paid particular attention to the statements from two of the victims' fathers, who both attested to the devastating impact the defendant's conduct had on their sons. Both of the fathers felt that the defendant used his position of trust in the church to take advantage of their sons and both encouraged the court to impose the maximum possible sentence.
Considering the foregoing, we find that the imposed sentence is not constitutionally excessive. The imposed sentence is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. Under La. R.S. 14:43.1(C)(1), defendant faced a maximum of 10 years, per count, for the crime of sexual battery and received 8 years. Moreover, the defendant was the recipient of a favorable plea agreement who would have faced an exposure of 15 to 60 years if he had been sentenced as a habitual offender. La. R.S. 15:529.1. This assignment of error is without merit.
In addressing the defendant's argument that the district attorney improperly injected his sentencing recommendation at the sentencing hearing, we first note there is only minimal evidence of the agreement in the record before us and no evidence establishing to what extent the defendant relied on this agreement and what weight he placed on the agreement in his decision to plead guilty. Although we take cognizance of Santobello[1] and its progeny, defendant has neither filed a motion to withdraw his guilty plea nor perfected an assignment of error on grounds pertaining to that guilty plea. As such, the argument is not reviewable on appeal. La. C.Cr.P. art. 920. We find any issue of a breached plea bargain agreement would be more properly raised by an application for post conviction relief. We additionally note that the defendant was given the opportunity by the district attorney to withdraw his plea. The defendant subsequently denied the offer, preferring instead to keep the plea agreement already instated.
For the foregoing reasons, Little's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed2d 427 (1971), after negotiations with the prosecutor, defendant withdrew his previous not guilty plea to two felony counts and pleaded guilty to a lesser-included offense, the prosecutor having agreed to make no recommendation as to sentence. At defendant's appearance for sentencing many months later a new prosecutor recommended the maximum sentence, which the judge (who stated that he was uninfluenced by that recommendation) imposed. Defendant attempted unsuccessfully to withdraw his guilty plea, and his conviction was affirmed on appeal. The Supreme Court held that the interest of justice and proper recognition of the prosecutor's duties in relation to promises made in connection with any agreement on a plea of guilty require that the judgment be vacated and that the case be remanded to the state courts for further consideration as to whether the circumstances require only that there be specific performance of the agreement on the plea or defendant should be afforded the relief he sought, withdrawing his guilty plea.

We note that the instant case is distinguishable from Santobello where defendant herein has made no attempt to withdraw his guilty plea, nor has he raised the issue directly on appeal. Although in brief defendant has pointed to the broken promise by the prosecutor, he does so merely in conjunction with his sole assignment of error, i.e. his excessive sentence.