PEATROSS, J.
bDefendant, Harrison Pouncy, Jr., was convicted by a jury of driving while intoxicated (“DWI”), third offense, in violation of La. R.S. 14:98(D). He was subsequently sentenced to the maximum sentence of five years’ imprisonment at hard labor. La. R.S. 14:98(D)(1)(a). Defendant now appeals. For the reasons stated herein, the conviction and sentence of Defendant are affirmed.

*174
FACTS

The evidence adduced at tidal showed that, on the night of March 20, 2010, two members of the Shreveport Police Department, Corporal Mike Jones and Officer John Lee, were working an accident on the northbound section of Interstate 49 in Shreveport, Louisiana, between the Hollywood Avenue and Kings Highway exits. For safety reasons and because of the presence of accident debris, officers had parked a patrol car in the outside lane of travel with the emergency lights activated to divert traffic into the center and inside lanes of travel. As they waited for a wrecker to come retrieve a vehicle disabled in the accident, a car driven by Defendant in the outside northbound lane and traveling at a high rate of speed came to a screeching halt behind the officer’s patrol unit. Defendant apparently failed to notice the parked patrol unit with its lights flashing.
After pulling the car over, the officers detected the smell of alcohol and asked Defendant to step out of the vehicle. After Defendant staggered out, one of the officers conducted several field sobriety tests. On the horizontal gaze nystagmus test, Defendant registered six points, which the officer testified was indicative of intoxication. Defendant also failed the Lone leg stand test, at one point falling against his car. After being placed into custody, Defendant was transported to the Shreveport Police Department. There he was processed by another officer who also testified that Defendant smelled of alcohol. In a recorded interview, the officer read Defendant his rights relating to the administration of a Breathalyzer test and the consequences of refusal. Defendant signed the form indicating that he understood those rights. Defendant stated that he felt coerced when the officer asked him to participate in a field sobriety test, which the officer interpreted as a refusal. Defendant then consented to take the Breathalyzer test, but would not (or was unable to) complete the test.
The evidence also showed that Defendant had previously been convicted of DWI, third offense, on two prior occasions:
1.) On October 12, 1998, in lower court docket number 190,660 on the docket of the First Judicial District Court, Parish of Caddo; and,
2.) On November 18, 2008, in lower court docket number 455,569 on the docket of the First Judicial District Court, Parish of Caddo.
Given the greater than 10-year period between the earlier of the two convictions (October 12, 1998) and the instant offense (March 20, 2010), the State also adduced evidence that Defendant had spent 13 months in jail as a result of his October 12, 1998 conviction and spent 17 months awaiting trial and 1-year serving probation on his November 18, 2008 conviction. This time was not included in the calculation of the 10-year period allowed between a pri- or conviction and the commission of the crime for which Defendant is being tried in order for the prior conviction to serve as a basis |sfor convicting Defendant of a multiple offense grade of the crime of DWI. La. R.S. 14:98(F)(2).
Based on this evidence, the jury found Defendant guilty as charged of third offense DWI. Defendant filed motions for post-verdict judgment of acquittal and new trial, both of which were denied prior to imposition of sentence. Defendant was sentenced on September 28, 2010, to five years at hard labor, with 45 days to be served without the benefit of probation, parole or suspension of sentence, plus a $2,000 fine and courts costs. The trial judge stated as reasons for the sentence Defendant’s five convictions for DWI. A *175 subsequent motion to reconsider was denied. This appeal ensued.

DISCUSSION

Assignment of Error Number One (verbatim): The sentence of five years at hard labor imposed for Defendant’s conviction of driving while intoxicated third offense constitutes an excessive sentence in this particular proceeding.
Defendant argues that the trial judge erred in failing to consider such factors as Defendant’s common-law wife and five children, employment history or any other factors set forth in La. C. Cr. P. art. 894.1, other than Defendant’s criminal history. Furthermore, Defendant argues that, because Defendant’s conduct did not result in an accident or injury to anyone, a maximum sentence is constitutionally excessive.
The State points out that the trial judge indicated she had considered the factors enunciated in La. C. Cr. P. art. 894.1, which would have included Defendant’s familial and marital ties, which were testified to at trial. The State further asserts that the trial judge was within her discretion in placing Lgreat weight on Defendant’s criminal history. Moreover, in light of the danger posed by Defendant’s conduct in the present case, as well as the lack of appreciation for the seriousness of the conduct evident in Defendant’s lack of cooperation with law enforcement, the State submits that the sentence is not excessive. We agree.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Loba *176 to, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802; State v. Woods, 41,420 (La.App.2d Cir.11/1/06), 942 So.2d 658, writ denied, 06-2768 (La.6/22/07), 959 So.2d 494, and writ denied, 06-2781 (La.6/22/07), 959 So.2d 494; State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541.
The charge of DWI third offense, at the time of Defendant’s arrest, carried a sentencing range of not less than one year, nor more than five | (¡years, with or without hard labor, 45 days of which are to be served without benefits, and a $2,000 fine. As previously stated, Defendant received the maximum sentence. Wfiiile the trial judge made only a general reference to the factors of La. C. Cr. P. art. 894.1, she indicated that she had considered the factors. In addition, while the existence of Defendant’s common-law wife and five children was elicited at trial and was thus known to the trial judge, Defendant presented no additional evidence at sentencing to indicate what hardship, if any, his imprisonment would inflict on them. The existence of a common-law wife and five children is largely unremarkable in the absence of evidence of their financial and/or emotional dependence on Defendant. Further, the record does not indicate whether any of the children are still minors. It is axiomatic that for mitigating factors to be considered, there must be evidence that they exist.
Given Defendant’s history of five convictions for DWI, the trial judge’s imposition of the maximum sentence within the narrow range of one to five years does not shock the sense of justice. Both Defendant’s criminal history and his conduct during the arrest for the present offense exhibit a clear lack of appreciation for the seriousness of his conduct. Furthermore, Defendant has taken no responsibility for his actions by showing remorse or acknowledging the imminent threat of injury which his conduct posed, opting, instead, to base his request for leniency on the fact, fortuitous as it is, that no one was in fact injured. As such, the five-year sentence for this repeat DWI offender is not grossly disproportionate to his crime, nor is it 17nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, supra; State v. Bonanno, supra.

CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant, Harrison Pouncy, Jr. are affirmed.
AFFIRMED.