SEXTON, Judge Pro Tern.
| ]After pleading guilty to extortion, a violation of La. R.S. 14:66, and being sentenced to serve 15 years’ imprisonment at hard labor, Defendant Emanuel Barrett appeals, urging that his sentence is excessive. For the reasons set forth herein, Defendant’s conviction and sentence are affirmed.

FACTS

Defendant was charged with one count of extortion and, in a separate bill, one count of stalking. He pled guilty on May 31, 2011, in exchange for the dismissal of the stalking charge and the State’s agreement not to file a habitual offender bill in the extortion matter. No other sentence agreement was a part of the plea bargain.
Reciting the facts of the case for purposes of the plea, the prosecutor stated:
Your Honor, the State alleges that on or about March 8th of 2011, the defendant, Emanuel Barrett, did commit the offense of extortion, in that he did make threats in exchange for, in the attempt to obtain a thing of value. He did, in fact, obtain a thing of value, namely $3,000. Mr. Barrett came into contact with an individual identified as C.T., and I’m using initials just because we are in open court and the nature of this charge, and essentially communicated to C.T. *23 that unless C.T. provided him with that money, he would identify or turn C.T. over to law enforcement agencies in connection with a narcotics investigation.
Defendant agreed that this recitation was true and the judge accepted his plea.
Defendant appeared for a sentencing hearing on June 29, 2011. He opted to testify at that hearing, and he admitted that his conduct was wrong and “a very big mistake.” He offered to repay the money if given the opportunity. Defendant also informed the court that he took care of his | smother, whose health was poor, and also stated that he had a one-year-old son who was the subject of a custody dispute.
The record reflects that Defendant had worked with area law enforcement as an undercover operative in various narcotics investigations, and his offense arose while he was engaged in that work. The prosecutor related to the judge that Defendant had “provided valuable assistance both in the past and in recent events,” but that this assistance was recognized by the State in its offer not to file a habitual offender bill which, if proven, would have resulted in Defendant’s sentencing as a second- or third-felony offender. The trial judge elected to review some other materials pri- or to imposing sentence and specifically stated its intent to review the circumstances of one of Defendant’s prior convictions, which was for manslaughter.
During sentencing, the judge noted that “the state has not taken a strong position with regard to sentencing[,]” but that he had reviewed sentencing memoranda from both the State and the defense. The judge then enumerated the La. C. Cr. P. art. 894.1 factors he considered important in crafting Defendant’s sentence.
First, the judge found that all three of the factors in La. C. Cr. P. art. 894.1(A) that supported a sentence of imprisonment applied to Defendant. The judge was especially concerned about Defendant’s criminal history, stating that the history was significant:
particularly after reviewing the dismissals that apparently came at the request of law enforcement for, as a benefit that Mr. Barrett received while cooperating with law enforcement[.]
J_£The court recited Defendant’s criminal history:
1986: Criminal mischief, discharged;
Criminal trespassing, fined $50;
Theft, no disposition;
Criminal mischief, no disposition.
1988: Possession of a stolen vehicle, no disposition.
Simple burglary of an inhabited dwelling, two years’ imprisonment;
Accessory after the fact to burglary; two years’ imprisonment.
1989: Manslaughter, 10 ⅜ years’ hard labor; Accessory after the fact, simple burglary, 2 years’ hard labor.
1996: Simple assault, fine;
Misrepresentation during booking, fine;
Parole violation.
1999: Trigger lock violation, dismissed.
*24 2001: Possession with intent to distribute Schedule II, dismissed.
Possession of mai'ijuana.
Parole violation; parole revoked.
2003: Simple property damage;
Simple assault, no disposition;
Unauthorized use of a motor vehicle, no disposition;
Careless/reckless operation, suspended license, failure to yield to emergency vehicles, simple criminal damage to property, simple assault, nolle prosequi
2004: Disturbing the peace, fine;
Resisting an officer, fine;
Various warrants related to earlier charges;
Aggravated battery with a dangerous weapon, no disposition.
2005: ■ Simple assault, nolle prosequi;
Simple battery, no disposition;
Domestic abuse battery, no disposition.
2006: Fugitive from Bossier City Police;
Aggravated assault, no disposition;
Simple battery, no disposition;
Domestic abuse battery, no disposition; pForgery (arrest);
Domestic abuse battery, six months jail, suspended;
Simple battery, six months jail, suspended;
Failure to wear seatbelt, fine;
Fugitive from Caddo Parish Sheriff’s Office;
Tinted windshield, fine.
2011: Aggravated assault;
Aggravated assault;
Threatening a public official;
Simple assault — all with no disposition;
Extortion — the current offense.
The judge then reviewed the arrest warrant for Defendant’s extortion charge. The warrant indicated that, during the course of his participation as an informant to law enforcement, Defendant had impersonated an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives and contacted the target of the investigation, telling the target that he “was willing to dismiss the case if [the target] would agree to pay him a large sum of money.” The target paid the money.
The judge also considered the details of Defendant’s prior manslaughter conviction, stating that the offense was initially charged as a second-degree murder and might well have been a first-degree murder:
[I]t appears that the murder was committed during a narcotics transaction. The defendant and another individual were arrested for that charge. It appears that an individual was purchasing controlled dangerous substances from the defendant and his accomplice. It appears that the victim in that case attempted to drive away without paying for the controlled dangerous substances, and it appears that the defendant and/or his accomplice fired shots at the victim, killing the victim. It was not clear from the police reports as to who fired the shots, if one or both of them fired the shots, that was not clear; however, the defendant pled guilty to manslaughter — ]
*25 The judge also recited the details of some of the offenses listed in the above-described chronology.
|fiNext, the judge considered in detail those factors listed in La. C. Cr. P. art. 894.1(B) and, in particular, noted that “the defendant has been working with law enforcement over a number of years and used that position and that status to facilitate the commission of this offense.” Further, the judge stated that Defendant created a risk of death or great bodily harm to more than one person by “potentially jeopardizing the secrecy of [various agencies] investigations.”
The court explained that Defendant “had received a large number of breaks over the years by cooperating with law enforcement. There have been dismissal after dismissal after dismissal.” The judge said that law enforcement agents reported that Defendant had been “a very valuable informant” and that he had taken that into consideration, but the judge explained that he simply could not turn a blind eye to Defendant’s “extensive, extensive criminal history,” including the stalking charge that was dismissed as a part of this plea bargain.
Finding that Defendant had already been given “much, much benefit already” for his cooperation with law enforcement, the judge sentenced him to the maximum 15-year sentence at hard labor.
Subsequently, Defendant filed two motions to reconsider sentence. In the first, Defendant explained that he had been released, presumably from custody pending disposition of this charge, to assist law enforcement with an investigation and had been promised by agents that he would be rewarded for his cooperation with leniency. In the second, he urged that the court had given excessive weight to aggravating factors and insufficient | ^weight to mitigating factors. The judge denied both of these motions. Defendant now appeals.
DISCUSSION
Defendant’s single assignment of error on appeal concerns the length of his sentence. He argues that the maximum 15-year sentence is excessive and inappropriate for him, as he is neither the worst type of offender nor was his crime the worst under the statute. Specifically, he argues that he has worked with law enforcement agents for 10 years and after he committed this offense, he was released from custody to work on another investigation with officers who promised him leniency in exchange for his cooperation. He further argues that the circumstances of his offense were unlikely to recur, that he had “offered” to repay the money that he took and that the sentence would negatively impact his family situation concerning his child and sick mother.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows 17an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La. *26 App.2d Cir.8/18/08), 989 So.2d 267, writ denied, 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351.
 Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
|sAs a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La. App.2d Cir.2/13/08), 976 So.2d 802; State v. Woods, 41,420 (La.App.2d Cir.11/1/06), 942 So.2d 658, writs denied, 06-2768 and 06-2781 (La.6/22/07), 959 So.2d 494.
The trial judge, however, is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La. App.2d Cir.1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
The record in this case shows that the judge thoroughly and carefully considered the factors enumerated in La. C. Cr. P. art 894.1 in sentencing Defendant. The judge gave significant consideration to Defendant’s history of assistance to law enforcement, but incisively noted that, because of that history of assistance, Defendant had previously escaped prosecution for a significant number of offenses. Defendant has persistently run afoul of the | slaw for many years, yet has, in many cases, escaped punishment for his wrongful conduct because of his important role as informant or participant in criminal investigations.
A singularly troubling factor in this case is Defendant’s choice to use his special relationship with law enforcement to facilitate this offense. The victim of this offense was the target of a criminal investigation by a federal agency, and Defendant used his special knowledge from that investigation for personal gain. Defendant’s act created a serious risk that the investí- *27 gation would be compromised and, as the' trial court noted, may well have endangered the safety of various persons tied to the investigation. Thus, among the various ways that the offense of extortion may be committed, we find Defendant’s offense was the most blameworthy.
Finally, Defendant’s extensive criminal history — including a conviction for manslaughter arising out of a drug-related shooting — is further support for the maximum sentence. Defendant has persistently been involved with the commission of crimes for 25 years, from minor traffic offenses up to a homicide. None of the mitigating factors present in this case are sufficient to warrant appellate intervention with the trial court’s reasoned decision to impose the maximum penalty here, particularly when Defendant received two advantages — the dismissal of a stalking charge and the avoidance of a habitual offender adjudication — in exchange for his guilty plea.
ImSince we find Defendant’s sentence to be justified under the factors outlined in La. C. Cr. P. art. 894.1 and not constitutionally excessive, this assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant Emanuel Barrett are affirmed.
AFFIRMED.