867 So.2d 988 (2004)
STATE of Louisiana, Appellee
v.
Earnest Ray WILSON, Jr., Appellant.
No. 38,219-KA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2004.
*990 Mary L. Harried, New Orleans, Kenota P. Johnson, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, J. Thomas Butler, Lea R. Hall, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS and GASKINS, JJ.
WILLIAMS, J.
The defendant, Ernest Ray Wilson, Jr., was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64 and simple escape, a violation of LSA-R.S. 14:110(A)(1). After a bench trial, the defendant was found guilty as charged. Thereafter, the state filed an habitual bill of information against the defendant. After a multiple offender hearing, the district court adjudicated the defendant a second felony offender and imposed a sentence of sixty years at hard labor without benefit of parole, probation or suspension of sentence for the armed robbery conviction and a sentence of five years at hard labor for the simple escape conviction. The court ordered that the sentences be served consecutively. Defendant's motion to reconsider sentence was denied. Defendant appeals his sentences as excessive. We affirm.

FACTS
On November 4, 2002, at approximately 4:25 p.m., the defendant entered the Continental Baking Company, located at 2800 Hollywood Avenue in Shreveport, Louisiana. The defendant approached the counter pretending to purchase a package of hotdog buns. When the manager, Sarah Connell, opened the cash register, the defendant held a knife against Connell's throat. The defendant then took money from the cash register drawer, which was later calculated to be $84, and fled the scene in a green 2002 Oldsmobile Alero. The cashier pressed the panic button and dialed 911. When the Shreveport Police Department officers arrived, Connell informed Officer D.L. Coney that the armed robbery had been recorded by the store's video surveillance camera. She also stated that she had seen some of the numbers on the license plate of the vehicle in which the defendant fled.
After hearing a radio broadcast of the crime and a description of the defendant and the vehicle, Officer T.A. Bell pulled into a driveway behind a vehicle matching the description of the suspect's vehicle. After a brief discussion with the driver of the vehicle, Officer Bell noticed that the passenger in the vehicle fit the description of the suspect from the armed robbery. The individual was later identified as the defendant, Ernest Ray Wilson, Jr.
The defendant attempted to escape, but was eventually advised of his Miranda rights, arrested for the robbery and transported to the Violent Crimes Unit at the Shreveport Police Department. Thereafter, the defendant confessed to the armed robbery and admitted that he was the suspect shown on the store's surveillance videotape.
As the officers moved the defendant from the interrogation room into the hallway, *991 the defendant asked if he could use the bathroom. Officer Parker told the defendant that he would be escorted to the bathroom. At that point, the defendant ran down the hallway to the back door and fled from the building. Officers Parker and Smith repeatedly ordered the defendant to stop as they pursued him.
The defendant was finally apprehended by Detective Hinderberger. The defendant continued to be aggressive and combative. The defendant was transported back to the Violent Crimes Unit and charged with simple escape. Thereafter, the defendant continued to be uncooperative and to threaten the officers.
After a bench trial, the defendant was found guilty as charged of armed robbery and simple escape. Thereafter, the state filed a habitual offender bill of information charging the defendant as a second felony offender. The bill of information reflected that the defendant had a prior felony conviction of unauthorized use of a movable in September 1998. The trial court adjudicated the defendant a second felony offender and imposed a sentence of sixty years at hard labor without benefit of parole, probation, or suspension of sentence for the armed robbery conviction. The court sentenced defendant to serve five years at hard labor for the simple escape conviction, to run consecutively with the sentence imposed for the armed robbery conviction. Following a hearing, the defendant's motion to reconsider sentence was denied. Defendant now appeals his sentences as excessive.

DISCUSSION
At the crux of the defendant's assignments of error is his second assignment, i.e., the trial court erred by failing to particularize his sentences pursuant to LSA-C.Cr.P. art. 894.1. The defendant argues that the trial court should have considered that he was young enough to be rehabilitated, and should have imposed less severe sentences. The defendant also argues that the trial court failed to consider his familial ties and family support as evidenced by the letter written by the defendant's mother and the fact that he has one child. Lastly, the defendant argues that the trial court failed to consider the amount of money at issue, the fact that no one was physically harmed during the perpetration of the crime and that the defendant has diabetes.
As a general rule, the trial court has wide discretion to sentence within statutory limits. Thus, absent a showing of manifest abuse of discretion, the appellate court may not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La. App.2d Cir.1/19/94), 631 So.2d 555. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show adequate consideration of the criteria set forth in LSA-C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La. 1983). The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, supra; State v. Gene, 587 So.2d 18 (La.App. 2d Cir. 1991), writ denied, 604 So.2d 993 (La. 1992). The articulation of the factual basis for the sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *992 State v. Jones, 398 So.2d 1049 (La.1981).
The second inquiry is whether the sentence imposed is too severe in light of the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Gene, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Jones, 31,569 (La.App.2d Cir.12/9/98), 724 So.2d 810; State v. Anderson, 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40, 42.
The present record clearly shows adequate compliance with LSA-C.Cr.P. art. 894.1. The trial court considered the pre-sentence investigation ("PSI") report which contained information about the defendant's personal history, prior criminal record, the seriousness of the offenses and the likelihood of rehabilitation.
The trial court noted that due to the defendant's status as a second felony habitual offender, a sentence of up to 198 years at hard labor without benefit of parole, probation or suspension of sentence could have been imposed for the armed robbery conviction. He also was exposed to two to five years incarceration for the simple escape conviction, a sentence which is statutorily required to be served consecutively to any other sentence imposed.
The trial court stated it had read a letter from defendant's mother, wherein she asked for mercy. The trial court noted that defendant had committed a very serious offense. The trial court also recounted that the defendant had "put up a very difficult struggle" to resist arrest initially and had fought with the police again after he escaped from custody. The trial court noted that the victim had suffered extreme emotional and psychological damage, was not able to work at the time of sentencing and was undergoing counseling at the expense of her employer and the workers' compensation fund. When questioned about his criminal actions, the defendant claimed he committed the offenses because he needed money for his daughter and because he was "messed up" by marijuana.
The trial court then summarized the defendant's extensive criminal history, which included a significant juvenile criminal history. The defendant's adult criminal record began in 1998 with a conviction for unauthorized use of a movable, although he had also been arrested for aggravated flight from an officer, interference with an officer and reckless operation of a vehicle in conjunction with the offense for which he was convicted. He had convictions in 1999 for theft, theft by shoplifting and simple battery. In 2000, he secured another conviction for unauthorized use of a movable. The defendant was convicted in 2001 for theft of goods, battery of a police *993 officer and simple criminal damage to property. In addition to numerous arrests, in 2001 the defendant was arrested, without disposition, in Natchitoches, Louisiana for armed robbery.
The trial court found that the defendant was the type of person for whom the Louisiana Legislature had enacted the habitual offender laws. The trial court observed that defendant had dropped out of school in the ninth grade, was twenty-two years old at the time he committed the present offenses, and had no significant employment history. Defendant was not married and claimed to have one child. Furthermore, the defendant had failed miserably during two previous periods of probation with the Louisiana Department of Corrections. The trial court stated that it had considered the Article 894.1 factors, and found there was an undue risk of the commission of another offense unless defendant was imprisoned for a lengthy period of time and lesser sentences would deprecate the seriousness of the offenses.
Our review of the entire sentencing colloquy shows adequate consideration of the defendant's personal and criminal history. The record demonstrates the court was aware of defendant's age, his claim to have a child and the extent of injury suffered by the victim of the armed robbery. Under these circumstances, the sentences imposed by the trial court are lawful, not grossly disproportionate to the severity of the offenses and not shocking to the sense of justice. We conclude that this case presents no manifest abuse of the trial court's broad discretion in sentencing, and we find that the total sentence of sixty-five years without benefit of parole, probation or suspension of sentence is not constitutionally excessive.
By the defendant's final assignment of error, he contends the trial court erred in denying his motion to reconsider sentence. Since we have found that the sentences are not unconstitutionally excessive, we also conclude that the trial court did not err in denying his motion to reconsider sentence.
We have examined the record for error patent and found none.

CONCLUSION
For the foregoing reasons, the defendant's convictions and sentences for armed robbery and simple escape are affirmed.
CONVICTIONS AFFIRMED; ADJUDICATION AS A HABITUAL OFFENDER AND SENTENCES AFFIRMED.