962 So.2d 1225 (2007)
STATE of Louisiana, Appellee,
v.
Mark Stephen COZZETTO, Appellant.
No. 42,259-KA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
Rehearing Denied September 13, 2007.
Opinion Dissenting from Denial of Rehearing September 13, 2007.
*1226 Louisiana Appellate Project by G. Paul Marx, for Appellant.
*1227 Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Assistant District Attorney, for Appellee.
Before STEWART, PEATROSS and MOORE, JJ.
STEWART, J.
The defendant, Mark Stephen Cozzetto, was sentenced to five years at hard labor after he pled guilty to one count of first degree vehicular negligent injuring. His appeal asserts that the maximum sentence is excessive. For the reasons explained in this opinion, we reverse the maximum sentence of imprisonment and remand with instructions for re-sentencing.

FACTS
A hit-and-run vehicular accident involving the defendant occurred on January 5, 2006, at the corner of 67th Street and Fairfield Avenue in Shreveport, Louisiana. Although the details of how the accident occurred were not specified, the record establishes that the defendant's vehicle collided with another vehicle driven by 52-year old Emma Taylor, causing her significant injuries, including a broken leg.
Officer John Stratton of the Shreveport Police Department testified at the preliminary hearing that witnesses observed the at-fault driver flee the scene of the accident on foot after pushing away a concerned witness who tried to help him. Officer Stratton obtained a description of the driver, searched the area, and found the defendant less than a block away from where the accident occurred. The witnesses identified the defendant as the driver who fled the scene. Officer Stratton detected alcohol on his breath and conducted the horizontal gaze nystagmus test. Though the defendant refused the Intoxilyzer, he later submitted to a blood test when taken to the hospital. Officer Stratton did not recall the exact result of the blood test, but he testified that the result showed a blood alcohol level above .08 percent. The transcripts of the plea and sentencing refer to his blood alcohol level both as ".23 over the legal limit" and .30. Regardless, it was above the legal limit.
The defendant was charged with one count of first degree vehicular negligent injuring and one count of hit-and-run driving. He was also issued traffic citations for lack of insurance and failure to yield the right of way. On July 18, 2006, the defendant pled guilty as charged to the first degree vehicular negligent injuring and hit-and-run charges. The state dropped the traffic citations.
On August 9, 2006, the trial court sentenced the defendant to the maximum prison term of five years at hard labor for first degree vehicular negligent injuring and a concurrent six months in the parish jail on the misdemeanor hit-and-run violation. He was given credit for time served and recommended for substance abuse treatment. The defendant's motion to reconsider the sentence was denied, and his appeal alleging excessive sentence is now before us.

DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for the sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. There is no requirement that specific matters be given any particular weight at sentencing. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writ denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 *1228 So.2d 452; State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). In reviewing a sentence for excessiveness, the appellate court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992).
The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Shaw, 37,168 (La.App.2d Cir.6/25/03), 850 So.2d 868; State v. Shipp, 30,562 (La. App.2d Cir.4/8/98), 712 So.2d 230, writ denied, 98-1199 (La.9/25/98), 724 So.2d 775. A sentence within statutory limits will not be set aside as excessive absent manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Wilson, 38,219 (La.App.2d Cir.3/5/04), 867 So.2d 988. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in sentencing exposure through a plea bargain, the trial court has great discretion to impose even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430.
However, maximum sentences are generally reserved for the "most egregious and blameworthy offenders in a class." State v. Telsee, 425 So.2d 1251, 1253 (La.1983); State v. Jones, 398 So.2d 1049 (La.1981). In addition to the factors enumerated in La. C. Cr. P. art. 894.1, a comparison of the sentence imposed on the defendant with sentences imposed for similar crimes may be helpful in assessing a sentence for excessiveness. State v. Telsee, supra. While such a comparison may help us ensure that the maximum sentences are reserved for the worst offenders, variances in sentences do not alone establish excessiveness. We must be mindful that the trial court has broad discretion in sentencing, because it is in the best position to assess the aggravating and mitigating circumstances in a particular case. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
The defendant was convicted of first degree vehicular negligent injuring, a violation of La. R.S. 14:39.2. The penalty provision of the statute is as follows:
D. Whoever commits the crime of first degree vehicular negligent injuring shall be fined not more than two thousand dollars or imprisoned with or without hard labor for not more than five years, or both.
The trial court imposed the maximum term of imprisonment. In doing so, the trial court referred to the defendant's prior criminal history, which included only a DUI 2nd ticket pled down to a careless and reckless operation charge; the defendant's level of intoxication; the seriousness of injury to the victim; and "all other relevant factors." The trial court also noted that a lesser sentence would deprecate the seriousness of the offense.
In arguing that his sentence is excessive, the defendant asserts that he is not the worst of offenders for whom the maximum sentence should be reserved. He notes that he has had only one prior reckless *1229 operation citation and that the record is unclear as to his exact level of intoxication. He also argues that the record does not establish causation, either as to whether his intoxication caused the accident or whether the victim's own actions may have contributed to the cause.
We find no merit in the argument regarding lack of causation. A validly entered guilty plea waives the defendant's right to question the merits of the state's case and the factual basis underlying the conviction, and it dispenses with appellate review of the state's case against the defendant. State v. Wynne, 40,921 (La. App.2d Cir.4/12/06), 926 So.2d 789; State v. Hardy, 39,233 (La.App.2d Cir.01/26/05), 892 So.2d 710. Therefore, the defendant's guilty plea admitted the causal connection between his conduct and the injury suffered by the victim.
However, we are troubled by the imposition of the maximum sentence. The defendant was noted to have only one prior  a DUI 2nd that was pled down to a reckless operation ticket, after which the conviction was set aside and the prosecution dismissed under La. C. Cr. P. art. 894. This record does not show the defendant to be the worst of offenders. Moreover, he received little, if any, reduction in sentencing exposure from his plea.
In support of his argument, the defendant cites State v. Pelt, 448 So.2d 1294 (La.1984), wherein the defendant was sentenced to concurrent terms of five years on two counts of negligent homicide. This maximum sentence was affirmed. The defendant was involved in a prior accident that involved the death of a child, and he had a history of traffic citations, including some for driving while intoxicated. The court cited five priors.
Other cases show that the maximum prison sentence has been affirmed under similar circumstances. The defendant in State v. Crenshaw, 39,586 (La.App.2d Cir.4/6/05), 899 So.2d 751, writ denied, XXXX-XXXX (La.1/27/06), 922 So.2d 544, received maximum sentences for vehicular homicide and first degree vehicular negligent injury. He had three prior convictions for driving while intoxicated, and there was evidence of his excessive speed. The accident involved multiple victims and caused permanent injuries and economic loss. In State v. Price, 31,368 (La.App.2d Cir.10/28/98), 721 So.2d 511, the defendant received concurrent maximum prison terms for vehicular homicide, two counts of first degree vehicular negligent injury, and one count of vehicular negligent injury. He appealed his 15-year sentence for vehicular homicide, but it was affirmed. The defendant had been on probation for a prior DUI offense at the time of the accident, and there was dramatic victim impact evidence.
See also State v. Feaster, 36,868 (La. App.2d Cir.3/5/03), 840 So.2d 675, affirming consecutive five-year sentences for two counts of first degree vehicular negligent injury for a defendant with a history of alcohol-related offenses and no valid license at the time of the offense; State v. Raffray, XXXX-XXXX (La.App. 3d Cir.6/6/01), 787 So.2d 606, affirming the maximum term of ten years for a hit-and-run driving conviction where the defendant had an extensive history of prior violations for driving while intoxicated, including a prior hit-and-run conviction, and where there was substantial victim impact testimony; and State v. Blanchard, XXXX-XXXX (La.App. 5th Cir.11/12/03), 861 So.2d 657, affirming the maximum five-year sentence due to defendant's six prior convictions for driving while intoxicated, extensive criminal history, prior unsuccessful treatment attempts, and permanent, disabling injury to the victim.
Review of the cases cited above shows that the maximum sentence has been imposed *1230 in cases where the defendant had a significant history of similar prior offenses and where there was evidence of life-altering, serious or disabling injury to the victims. In this instance, the defendant had a minimal criminal history, with only one prior ticket noted by the trial court. Although the victim was said to have a serious injury to her leg, there was no victim impact evidence to show that she suffered a permanent, disabling injury or any significant economic loss due to the accident. The record was not clear as to what the victim's exact injuries even were. By pleading guilty, the defendant admitted to his blood alcohol level being above the legal limit. The "other relevant factors" referred to by the trial court as a basis for the harsh sentence imposed were not commented upon and are not apparent from the record.
The penalty provision of La. R.S. 14:39.2 provides a range of up to five years and an optional fine of not more than two thousand dollars. The range allows the penalty to be tailored to individual defendants taking into account the circumstances of each case. It is presumed that the worst offenders will receive the harshest penalties and that other penalties within the range will be imposed on the less egregious offenders so that the goals of deterring similar crimes and punishing offenders in proportion to their crimes can be achieved within the bounds permitted by our constitutional laws.
Upon our review of this record, we are constrained to conclude that the harsh penalty imposed by the trial court is excessive for this first-time felony offender under the circumstances of this case as shown by the record. The reasons recited by the trial court do not support the maximum term of imprisonment imposed. Rather, a lesser term of imprisonment, particularly some term not exceeding three years, would not deprecate the seriousness of the crime.

CONCLUSION
For these reasons, we reverse the maximum sentence of imprisonment imposed by the trial court. The matter is remanded for re-sentencing with instructions that an appropriate term should not exceed three years imprisonment under the facts of this record.
REVERSED AND REMANDED.

APPLICATION FOR REHEARING
Before STEWART, PEATROSS, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.

DISSENT FROM THE DENIAL OF REHEARING
DREW, J., dissenting from the denial of rehearing.
The sentences of the learned trial court should be upheld, for these reasons:
 Defendant's combined sentencing exposure on the two charges was imprisonment up to five and one-half years and aggregate fines totaling $2,500. His sentence was five years with no fine. Accordingly, he did not receive the maximum sentence.
 Neither the state nor the defendant requested a sentencing hearing, but it is apparent from the record that the victim suffered a broken femur near the hip bone, and a shattered knee.
 After being helped out of his car, defendant shoved his rescuers aside and fled the scene, never checking on his seriously-injured victim.
 Defendant's BAC was three to four times the legal limit.
 Defendant has a college degree, so he certainly knew better.
*1231  Even though the prior arrest was pled down to reckless operation, it is hard to imagine a DUI 2nd charge, without a previous DUI being involved.
 To characterize either DUI 2nd matter or reckless operation as a "ticket" certainly deprecates the seriousness of those crimes, each of which is listed in Title 14's LA Criminal Code, not in Title 32.
 If we are, indeed, supposed to give the sentencing court great discretion, this case would be a good place to start.
The record adequately supports the trial court's sentences, so I must respectfully dissent to the denial of the rehearing application.