974 So.2d 665 (2008)
STATE of Louisiana
v.
Mark Stephen COZZETTO.
No. 2007-K-2031.
Supreme Court of Louisiana.
February 15, 2008.
*666 PER CURIAM.
Granted. The decision of the court of appeal is reversed, defendant's sentence of five years imprisonment at hard labor for first degree vehicular negligent injuring in violation of La. R.S. 14:39.2, is reinstated, and this case is remanded to the district court for execution of sentence.
The sources of information upon which a trial court may rely at sentencing are varied and "may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrest as well as conviction records." State v. Myles, 94-0217, pp. 2-3 (La.6/3/94), 638 So.2d 218, 219 (citing Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.E d. 1337 (1949)). In sentencing the present defendant, the trial judge had the benefit of testimony at a motion hearing from the officer who responded to the report of the accident. According to the officer, a medical assessment on the scene of the victim's injuries indicated that her femur had been broken "right near the hipbone . . . right in that area where they connect." The injury was "pretty serious . . . for someone of her age." The officer later saw the victim in the hospital and concluded that the injury had caused "obvious disfigurement." The medical staff indicated that "for a female of her age . . . it's going to be pretty tough to recover from." Witnesses on the scene described to the officer how after they had helped defendant out of his vehicle, he had pushed them away and "took off running," leaving the seriously injured and incapacitated victim behind.
The trial judge also had benefit of defendant's admission during the plea colloquy that the state's summary of the factual basis for the plea was basically correct, including the finding that he had had "an alcohol level of .23 over the legal limit required by Louisiana statutes." In that context, the trial court noted at sentencing that defendant's prior misdemeanor convictions stemmed from an initial arrest for second offense D.W.I., and thus also apparently involved his excessive use of alcohol.
In combination, the circumstances recited by the court in its reasons provided an adequate factual basis for the court's conclusion that by fleeing the scene of the accident resulting from his extreme intoxication after causing the victim serious injury the defendant had placed himself among the most blameworthy offenders committing the charged crime. State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982) (maximum sentences "are reserved for . . . the most serious violations of the charged offense and for the worst kind of offender."). The court of appeal's conclusion that a lesser sentence, no greater than three years at hard labor, "would not deprecate the seriousness of the offense," State v. Cozzetto, 42,259, p. 8 (La. App. 2nd Cir.8/15/07), 962 So.2d 1225, 1230, did not provide an adequate basis for substituting its judgment as to an appropriate sentence for that of the trial judge, who may exercise broad sentencing discretion within the limits imposed by La. Const. art. I, § 20. State v. Humphrey, 445 So.2d 1155, 1165 (La.1984) ("On review of the excessiveness claims, the only question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more *667 appropriate.") (citation omitted); cf. La. C.Cr.P. art. 881.4(D) ("The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.").