NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-316

STATE OF LOUISIANA

VERSUS

AARON D. BLACKWELL

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 83438
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and John E. Conery, Judges.

CONERY, J., concurs in the result.

AFFIRMED.

Paula C. Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
     Aaron D. Blackwell

**Hon. Asa A. Skinner**
**District Attorney**
**Terry Wayne Lambright**
**Assisstant District Attorney**
**Thirthieth Judidical District**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR PLAINTIFF:**
    **State of Louisiana**

**PETERS, J.**

The State of Louisiana (state) charged the defendant, Aaron D. Blackwell, by bill of information with the offence of vehicular homicide, a violation of La.R.S. 14:32.1. He initially entered a plea of not guilty, but subsequently withdrew his former plea and entered a plea of guilty. Thereafter, the trial court sentenced the defendant to serve ten years at hard labor. After the trial court denied his motion to reconsider his sentence, the defendant perfected this appeal, arguing only that the sentence imposed was excessive. For the following reasons, we affirm the sentence imposed by the trial court.

The facts giving rise to this criminal charge are not in dispute. Near midnight on March 10 or March 11, 2012, while operating a motor vehicle on U.S. Highway 171 in Vernon Parish, the defendant struck and killed a pedestrian, Trevor Phillips. At the time of the accident, the defendant was driving at ninety-nine miles per hour and failed to apply his brakes. Subsequent testing established that he was operating the vehicle while intoxicated in that his blood alcohol concentration at the time of the accident was .111 percent by weight based on grams of alcohol per one hundred cubic centimeters of blood. La.R.S. 14:98(A)(c).

In the first of his two assignments of error, the defendant asserts that the sentence imposed is excessive given his first-offender status, expressions of remorse, and family situation. In his second assignment of error, he asserts that the trial court failed to give sufficient weight to the mitigation factors in particularizing the sentence, and this failure caused the sentence to violate the guidelines of La.Code Crim.P. art. 894.1. Because both assignments of error address the sentence imposed, we will consider them together.

As applied to the facts of this case, the sentence that may be imposed for the conviction of vehicular homicide, La.R.S. 14:32.1(B), is a fine of not less than

$2,000.00 nor more than $15,000.00 and imprisonment with or without hard labor for not less than five years nor more than thirty years. Additionally, La.R.S. 14:32.1(B) provides that "[a]t least three years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence."

The trial court sentenced the defendant within the statutory range, but the sentence of ten years at hard labor did not include a requirement that at least three years of the sentence be served without benefit of probation, parole, or suspension of sentence. Instead, the state and the defendant entered into a plea agreement pursuant to La.Code Crim.P. art. 890.1 to allow the trial court to sentence the defendant without consideration of the mandatory probation, parole, and suspension requirements of La.R.S. 14:32.1(B).[1]

In considering the defendant's assignments of error, we first note that:

> Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

>> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must

---

[1] The Louisiana Legislature added La.Code Crim.P. art. 890.1 by Acts 2012, No. 160, §1, effective May 17, 2012; the defendant entered his plea on November 8, 2012; and he was sentenced on January 15, 2013.

reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983). . . . "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

*State v. Tall*, 12-280, pp. 7-8 (La.App. 3 Cir. 10/24/12), 100 So.3d 388, 394-95.

At the sentencing hearing, the trial court pointed out that an eye witness who was with the victim and also crossing U.S. Highway 171 at the time of the accident saw no approaching headlights in the southbound lane (the defendant's lane) while crossing the highway. Additionally, the position of the victim's body at impact reflected that he almost made it to the other side before the defendant's vehicle struck him. The trial court noted that the defendant's speed and his being under the influence of alcohol were significant factors in causing the accident. Furthermore, the trial court stated that in the pre-sentence investigative process, he had received numerous letters from the family and friends of the victim and that these letters outlined the victim's background, upbringing, and military service. These established that the victim "was a young man who had a bright future ahead of him and was doing well in the military and was not headed in the wrong direction."

The defendant also addressed the trial court at his sentencing and stated that he recognized the tragic nature of the accident, expressed remorse for his part in causing harm to the friends and relatives of the victim, and asserted his desire to become a better person for his family and his daughter. After the defendant made his comments, the trial court responded that it had considered the factors set forth in La.Code Crim.P. art. 894.1 and found that the record established that there was clearly harm caused to the victim as well as his family and friends; that there was nothing to excuse or justify his criminal conduct; and that the defendant did not act under strong provocation. The trial court further found that the defendant was

3

nineteen years old, had one child, and was in good health. With regard to the defendant's personal background, the trial court stated:

> He has been serving in the United States Army since July of 2011 as a Chaplain's Assistant and I found that ironic -- if, if you want to put it that way -- a Chaplain's Assistant who apparently has been doing a good job at that and here something like alcohol -- over use of alcohol ruins your life. He is -- he has a high school education. He does have a history of some alcohol abuse. In fact, he has sought in the past and received help at Fort Polk and I think at the time of this accident was enrolled in some kind of a program there at Fort Polk as well. He does not have a prior criminal record whatsoever. So, it's not a case where I think he is a criminal who has a criminal mind set and thinks that he can get -- break the rules and get away with it. However, I have considered the seriousness of this offense -- which I consider to be very serious. Anytime there's a death involved it is extremely serious. All of us have experienced the loss of loved ones under different circumstances. We miss them even when the natural causes after a long life occur which we expect, but we don't expect a young life like this to be snuffed out in the fashion that it was. That makes it more tragic and it makes it more difficult to deal with on a daily basis. You, you noted and commented about your daughter and missing her and not wanting her to be without you and you without her and I certainly understand that. At the same time I'm sure you -- to some extent can understand the loss of this young man to this family, but it's permanent and you won't -- they won't ever get to hear his voice again or receive anything from him or anything of that kind. It's over for them and they have to deal with that and under the circumstances that it occurred.

Despite the trial court's clear consideration of the mitigating factors relating to the defendant, he contends a sentence that considers his needs for continued treatment and rehabilitation for alcohol dependency would better serve societal goals than a ten-year incarceration sentence. Thus, according to the defendant, the trial court's failure to give more weight to the mitigating factors in this matter had the effect of failing to particularize the sentence imposed to him.

On the other hand, the state argues that the trial court did consider the mitigating factors and that when applying those factors to the defendant, his sentence is not excessive. The state notes that but for the plea agreement with regard to the waiver of the probation, parole, and suspension of sentence

4

requirements of La.R.S. 14:32.1(B),[2] the defendant could have been sentenced to a maximum of thirty years with at least three of those years imposed without benefits, and to a maximum fine of $15,000.00.

In considering the record before us, we find no merit to the defendant's argument that the trial court failed to give sufficient weight to the mitigation factors or that the trial court failed to particularize the defendant's sentence. Additionally, we find that the trial court's sentence is not excessive. *See State v. Leblanc*, 09-1355 (La. 7/6/10), 41 So.3d 1168 (thirty-year sentence for a first-offender defendant convicted of vehicular homicide who had eight drugs in her system at the time of the offense); *State v. Kotrla*, 08-364 (La.App. 3 Cir. 11/5/08), 996 So.2d 1224 (sixteen-year sentence with five years to be served without the benefit of probation, parole, or suspension of sentence for a first-offender defendant convicted of vehicular homicide who's blood/alcohol level was more than twice the legal limit at the time of the accident); *State v. Lanham*, 31,791 (La.App. 2 Cir. 3/31/99); 731 So.2d 936 (fifteen-year sentence for a first-offender convicted of vehicular homicide where he was speeding and intoxicated at the time of the offense); *State v. Baker*, 31,162 (La.App. 2 Cir. 10/28/98); 720 So.2d 767 (fifteen-year sentences on each count for a first-offender convicted of three counts of vehicular homicide who was under the influence of alcohol at the time of the offense); and *State v. Trahan*, 93–1116 (La.App. 1 Cir. 5/20/94), 637 So.2d 694 (ten-year sentence on each count for a first-offender convicted of three counts of vehicular homicide who was operating his vehicle while under the influence of alcohol).

---

[2] The plea agreement did not address the length of incarceration time that might be imposed by the trial court. Thus, the defendant pled blind with regard to this element of the sentencing process.

## DISPOSITION

We affirm the defendant's sentence in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules —Courts of Appeal, Rule 2-16.3.